# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> CHARLES EDWARD MASON, | 3:19-CR-157-TWP-HBG |

## ORDER

On November 23, 2020, the Court heard arguments from both parties with respect to Defendant's objections to the Presentence Investigation Report in this matter [Doc. 62]. Specifically, Mr. Mason has raised objections "to his classification as a career offender and under the Armed Career Criminal Act." *Id.* at 1. Mr. Mason also objected that "Counts III and IV should merge and only a single sentence should enter." *Id.* However, the government does not dispute this second objection, and accordingly only the first of the Defendant's two objections are presently before the Court. [Doc. 71, pg. 2] ("Mr. Mason's first argument is meritless, but he is right that Counts Three and Four should merge for sentencing.").

At present, the Presentence Investigation Report in this matter calculates Mr. Mason's sentencing guideline range in light of the Armed Career Criminal Act, 18 U.S.C. § 924(e), and the career offender provision of the United States Sentencing Guidelines, U.S.S.G. § 4B1.1 [Doc. 58, pg. 6-7, paras. 27-28]. The Defendant contends his "two prior convictions for reckless homicide . . . . [do] not qualify as an act of violence against the person of another." [Doc. 62, pg. 1-2]. The Defendant has raised this argument because "[b]oth the career offender provision . . . and the Armed Career Criminal Act define a prior crime of violence as any offense which is punishable by imprisonment for a term exceeding one year that has as an element the use, attempted use, or

1

threatened use of physical force against the person of another." *Id.* at 2. As the Defendant sees things, "reckless homicide is not a predicate offense for either career offender treatment or Armed Career Criminal Act." *Id.* at 1.

The government has explained in their response to the Defendant's objections that "[t]he ACCA requires a fifteen-year minimum sentence for a felon who unlawfully possesses a firearm after having sustained three prior convictions 'for a violent felony or a serious drug offense, or both.'" [Doc. 71, pg. 2] (citing 18 U.S.C. § 924(e)(1)). Accordingly, "[t]he career-offender guideline enhances the advisory sentencing range for a defendant convicted of 'either a crime of violence or a controlled substance offense' who also has 'at least two prior convictions of either a crime of violence or a controlled substance offense.'" *Id.* at 1-2 (citing U.S.S.G. § 4B1.1(a)).

"Mr. Mason does not dispute that his prior Tennessee conviction for possessing over 0.5 grams of methamphetamine for resale qualifies both as a serious drug offense under the ACCA and a controlled substance offense under the Guidelines." [Doc. 71, pg. 2 n.1]. In other words, the crux of this conflict relates to an issue of statutory interpretation. Namely, the Court is called on to consider whether a criminal conviction classified as a reckless act is one that amounts to a predicate "violent felony" for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e), and the career offender provision of the United States Sentencing Guidelines, U.S.S.G. § 4B1.1.

**ANALYSIS**

The Court's analysis of this disagreement is guided by clear precedent from the Sixth Circuit. *United States of America v. Verwiebe*, 874 F.3d 258 (6th Cir. 2017). In that matter, Judge Sutton concluded for the Court that "reckless conduct . . . amounts to 'the use, attempted use, or threatened use of physical force.'" *Id.* at 264. To be sure, the offense at issue in *Verwiebe* was not the same as that which Mr. Mason was previously convicted. Rather than reckless homicide, for

2

which Mr. Mason was twice previously convicted, the defendant in *Verwiebe* was sentenced by a district court "as a career offender due to his prior federal convictions for assault with a dangerous weapon and assault resulting in serious bodily injury." *Id.* at 260.

However, Judge Sutton's guiding rationale applies with equal force to the immediate action. First, there is the obvious distinction between these two cases by virtue of the fact that Mr. Mason's prior convictions relate to another's death, a detail not present in *Verwiebe* and which signifies that Mr. Mason's prior offenses arguably amount to even graver crimes. Most importantly, though, Judge Sutton reasoned that the conflict in cases such as this one "is a question that answers itself: How would it be possible to suffer serious bodily injury without force capable of producing such an injury?" *Id.* at 261.

The Defendant directs the Court's attention to a subsequent and potentially countervailing outcome from the Sixth Circuit. *United States v. Harper*, 875 F.3d 329 (6th Cir. 2017). In that case, the Court reviewed a criminal defendant's sentence in which the district court declined to adopt precisely the sort of enhancement that was affirmed in *Verwiebe*. *Id.* at 330 ("The district court disagreed, refused to increase the sentencing range, and sentenced Harper to 46 months."). There can be no doubt that Judge Kethledge viewed the outcome in *Verwiebe* with great skepticism, but he nonetheless applied that precedent to the case at hand. *Id.* ("Thus we are bound to hold that reckless aggravated assault . . . is a crime of violence for purposes of U.S.S.G. § 4B1.2(a)).").

As the Defendant notes, Judge Kethledge described *Verwiebe* as a "mistaken" outcome. *Id.* at 330. More specifically, the *Harper* Court distinguished the technical meanings of "use of physical force," as it was stated in the relevant misdemeanor domestic violence statute at issue, and "the use . . . of physical force *against the person of another*," which is contained in U.S.S.G. § 4B1.2. *Id.* at 331. The former, Judge Kethledge reasoned, "is the volitional application of

3

[force]." *Id.* Meanwhile, the latter wording "is a restrictive phrase that . . . . requires not merely a volitional application of force, but a volitional application 'against the person of another.'" *Id.*

For the time being, these distinctions amount to academic and policy arguments that stray beyond what may serve as the basis of this Court's conclusion. *Verwiebe*, 874 F.3d at 264. Judge Kethledge appeared to agree, in *Harper*, because he stated quite clearly that his dissatisfaction with the outcome in *Verwiebe* was of no consequence to the task at hand. *Harper*, 875 F.3d at 330 ("We see no basis to distinguish the reckless-assault offense in *Verwiebe* . . . from the offense here.").

**CONCLUSION**

When quarrels reach the Sixth Circuit, "[o]ne panel of [the] Court cannot overrule the decision of another panel; only the Court sitting en banc can overrule a prior decision." *Timmreck v. United States*, 577 F.2d 372, 376 n.15 (6th Cir. 1978) (citing *Doraiswamy v. Secretary of Labor*, 555 F.2d 832, 848 n.119 (D.C. Cir. 1976); *Doe v. Charleston Area Medical Center, Inc.*, 529 F.2d 638, 642 (4th Cir. 1975); *McClure v. First Nat'l Bank*, 497, F.2d 492 (5th Cir. 1974), cert. den. 420 U.S. 930 (1975)). Before these issues can even ascend to the Sixth Circuit, "district courts in this circuit are, of course, bound by pertinent decisions of this Court." *Timmreck*, 577 F.2d at 374 n.6.

Disagreements notwithstanding, Judge Kethledge appeared to understand this order of operations with precise clarity. *Harper*, 875 F.3d at 330. So too is this Court cognizant of its own respective role. Accordingly, the Court will take its cues from the controlling precedent from the Sixth Circuit on the issue that Mr. Mason has raised, and which Judge Sutton addressed in *Verwiebe*. 874 F.3d at 264.

Mr. Mason's prior convictions for reckless homicide comport with the logical framework established in *Verwiebe*, and therefore require that this Court deem them to satisfy the pertinent provisions of the Armed Career Criminal Act, 18 U.S.C. § 924(e), and the career offender

4

provision of the United States Sentencing Guidelines, U.S.S.G. § 4B1.1. The Defendant's motion is **DENIED**.

      **IT IS SO ORDERED.**

                                              /s/ THOMAS W. PHILLIPS
                                          **SENIOR UNITED STATES DISTRICT JUDGE**